UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIEN ROTHSCHILD, JORDAN FAIRMAN,

    Plaintiffs,

vs.                        Case No. 2:06-cv-446-FtM-29DNF

KENNETH E. PFALZER, individually and
THE CITY OF SANIBEL, DAVID GOMBERG,
and FRANCINE GOMBERG,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Kenneth Pfalzer's (Pfalzer) Motion to Dismiss the Amended Complaint (Doc. #31) filed on December 11, 2006. Plaintiffs filed a response (Doc. #34) on December 28, 2006. Also before the Court is Pfalzer's Request for Judicial Notice (Doc. #35), filed on December 29, 2006. This appears to be unopposed as no response was filed, and the time to do so has long passed. The Court will grant Pfalzer's request for judicial notice of the documents in the two underlying state cases pursuant to FED. R. EVID. 201.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of

Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable.

**II.**

The Court concludes that the Amended Complaint is not sufficiently pled as to Counts I and II.  The only basis for federal jurisdiction is Count I, the violation of 42 U.S.C. § 1983.  The Court finds that the Amended Complaint does not adequately identify the federal constitutional right(s) at issue other than equal protection, and that the alleged right to "possession and peaceful enjoyment of their . . . real property" is unduly vague.  The Court will require that the specific constitutional rights at issue be clearly identified in Count I.

As to Count II, there is another form of heightened pleading when fraud is alleged in a federal complaint.  Federal Rule of Civil Procedure, Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) is satisfied by a complaint which sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.  <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted).  "Failure to satisfy

Rule 9(b) is a ground for dismissal of a complaint." <u>Corsello v. Lincare, Inc.</u>, 28 F.3d 1008, 1012 (11th Cir. 2005).  This standard has not been met with regard to Count II.

Accordingly, it is now

**ORDERED**:

1.   Defendant Kenneth Pfalzer's Motion to Dismiss the Amended Complaint (Doc. #31) is **GRANTED** as to Counts I and II.

2.   Defendant Pfalzer's Request for Judicial Notice (Doc. #35) is **GRANTED.**

3.   Plaintiffs shall file a Second Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of July, 2007.

JOHN E. STEELE
United States District Judge